NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2282
_____

UNITED STATES OF AMERICA

v.

DAVID KENDRICK,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-17-cr-00143-004)
District Judge: Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 22, 2020

Before: HARDIMAN, RENDELL and FISHER, *Circuit Judges*.

(Filed: October 15, 2020)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

David Kendrick pleaded guilty to conspiring to possess with intent to distribute 28 grams or more of crack cocaine. Before sentencing, however, he moved to withdraw the plea. The District Court denied the motion and sentenced him to 130 months of imprisonment. Kendrick now appeals both that denial and his sentence. We will affirm.[1]

Kendrick argues that under our decision in *United States v. Rowe*,[2] and the Supreme Court's related decision in *Alleyne v. United States*,[3] the Government needed to (and could not) prove that he conspired to possess with intent to distribute 28 grams or more of crack at a single time in order to trigger the enhanced penalties of 21 U.S.C. § 841(b)(1)(B), as incorporated by 21 U.S.C. § 846.[4] We recently rejected a similar argument in *United States v. Williams*.[5] Drug quantity, we held there, is not a *mens rea* element under § 846 for purposes of the (b)(1)(A) and (b)(1)(B) penalties, and *Alleyne* and *Rowe* are consistent with our decision in *United States v. Gori*.[6] Because Kendrick's situation is in all relevant respects the same as that of *Gori*, the District Court did not err in denying Kendrick's motion to withdraw his guilty plea.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

[2] 919 F.3d 752 (3d Cir. 2019).

[3] 570 U.S. 99 (2013).

[4] We review denials of a motion to withdraw a guilty plea for abuse of discretion. *United States v. James*, 928 F.3d 247, 253 (3d Cir. 2019).

[5] *United States v. Williams*, No. 17-2111, __ F.3d __, 2020 WL 5422788 (3d Cir. Sept. 10, 2020).

[6] 324 F.3d 234, 237 (3d Cir. 2003) (holding that the drug quantities from multiple transactions involving the same defendant may be aggregated for sentencing purposes under § 846); *see Williams*, 2020 WL 5422788, at *24-26.

Kendrick challenges his sentence on two grounds. First, he contends that the 21 U.S.C. § 851 information filed prior to his plea provided constitutionally inadequate notice of the Government's intent to rely upon an April 1998 state drug felony conviction as the basis of a possible sentencing enhancement.[7] In determining whether a § 851 information passes constitutional muster, we ask "whether [it] . . . provided [the defendant] reasonable notice of the government's intent to rely on a particular conviction and a meaningful opportunity to be heard."[8] If that standard is satisfied, any errors in the information are considered "[c]lerical mistakes," which, § 851 declares, "may be amended at any time prior to the pronouncement of sentence."[9] We have said that this applies to "inaccurate descriptions of prior convictions."[10]

The two errors here fall squarely into the category of clerical mistakes. The information identified the 1998 felony's court of conviction as the "Allegheny County Court of Common Please,"[11] erroneously adding an "e" to the end of the name. It also listed the statute of conviction as 18 Pa. Cons. Stat. § 13(a)(16), which does not exist, rather than 35 Pa. Stat. § 780-113(a)(30). However, the information correctly identified the date of conviction and sentence, the docket number, and the term of imprisonment

---

[7] We review de novo the sufficiency of the notice provided by a § 851 information. *United States v. Weaver*, 267 F.3d 231, 246 (3d Cir. 2001).

[8] *Id.* at 247 (second alteration in original) (citation and internal quotation marks omitted).

[9] 21 U.S.C. § 851(a)(1).

[10] *United States v. Rivas*, 493 F.3d 131, 142 (3d Cir. 2007).

[11] Suppl. App. 10.

imposed. Even if, therefore, the erroneous statutory citation failed to notify Kendrick of the conviction upon which the Government was relying, several indicators—including the minor misspelling of the court's name—would have conveyed reasonable notice of the Government's intentions.[12] Moreover, the Government corrected both errors before sentencing, thus "compl[ying] with § 851(a)(1)'s requirements for the amendment of clerical errors."[13]

In his second sentencing challenge, Kendrick asserts that the District Court's application of the § 851 information's sentencing enhancement encompassed factual findings that are unconstitutional under the rules announced in *Alleyne* and *Apprendi v. New Jersey*.[14] Because Kendrick did not raise this argument before the District Court, our review is for plain error.[15] Both *Alleyne* and *Apprendi* made clear that they did not "revisit" the holding of *Almendarez-Torres v. United States*,[16] and we have said that

---

[12] *See Weaver*, 267 F.3d at 247-49 (finding sufficient notice despite the incorrect identification of a prior conviction and the combination of two prior convictions into a single, nonexistent offense); *see also United States v. Higgins*, 710 F.3d 839, 844 (8th Cir. 2013). We note too that a presentence report filed prior to both Kendrick's plea and the initial § 851 information included accurate details of the 1998 felony conviction. *See, e.g.*, *United States v. Wallace*, 759 F.3d 486, 496 (5th Cir. 2014) (noting that, despite a misstatement in the § 851 information, "the government correctly characterized [the defendant's] prior conviction on several other occasions").
[13] *Weaver*, 267 F.3d at 248.
[14] 530 U.S. 466 (2000).
[15] *See United States v. Olano*, 507 U.S. 725, 732 (1993).
[16] 523 U.S. 224, 226-27 (1998) (holding that the fact of a prior conviction is not an element of an offense even when it increases a defendant's statutory maximum term of imprisonment); *see Alleyne*, 570 U.S. at 111 n.1; *Apprendi*, 530 U.S. at 489-90.

"*Almendarez-Torres* is [still] good law."[17] As a result, the District Court's factual finding of the prior conviction, pursuant to the § 851 information, was not error. Further, even assuming, as Kendrick argues, the First Step Act's additional factual requirements for finding a "serious drug felony" led the District Court to run afoul of *Alleyne* and *Apprendi*,[18] we decline to notice the error.[19] The evidence of those facts was "overwhelming," and the issue "was essentially uncontroverted" before the District Court "and has remained so on appeal."[20]

For these reasons, we will affirm the judgment of the District Court.

---

[17] *United States v. Johnson*, 899 F.3d 191, 201 (3d Cir. 2018).

[18] *See* 21 U.S.C. § 802(57).

[19] *See Puckett v. United States*, 556 U.S. 129, 135 (2009) ("[I]f the [first] three prongs [of plain-error review] are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" (emphasis and third alteration in original) (quoting *Olano*, 507 U.S. at 736)).

[20] *Johnson v. United States*, 520 U.S. 461, 470 (1997).